UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>        Plaintiff,<br><br>    v.<br><br>JAN SCULLY, et al.,<br><br>        Defendants. | No.  2:15-cv-1333 KJN P<br><br><br>ORDER |

      Plaintiff is a Sacramento County jail inmate, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  (ECF No. 5.)

      In his complaint, plaintiff states that on April 21, 2015, he was arrested and jailed in Sacramento County on non-violent theft charges.  Plaintiff states that his bail was set at $500,000.00, which he alleges is a violation of his Eighth Amendment right to have a fair and reasonable bail.  (ECF No. 1 at 3.)  Plaintiff asks the court to force Sacramento County to create a fair and reasonable bail schedule, and to compensate plaintiff for his lost wages, as well as actual and punitive damages.

      Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to

1

plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980), quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Here, plaintiff's claims concerning excessive bail are barred by the Younger abstention doctrine because all of the elements of Younger abstention are established. First, based upon plaintiff's current incarceration and the allegations in his complaint, it is clear there are ongoing state criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Second, these proceedings revolve around important state interests to enforce local and state laws. See Younger, 401 U.S. at 43-44. The State of California, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of California. Also, the State of California has an important interest in securing the appearance of criminal defendants for trial. See Cal. Penal Code § 1275(a) (setting forth interests that judicial officers are to consider in setting bail). "Such an interest is more than enough to trigger the principles of comity and federalism." Mounkes v. Conklin, 922 F.Supp. 1501, 1512 (D. Kansas 1996). In addition, "[t]he State's interest is not any less simply because a defect in setting the bail bond is not a defense to the actual criminal prosecution." Id.; Mudd v. Busse, 437 F.Supp. 505, 511 (D.C. Ind. 1977). It would violate the

principles of comity and federalism for the Court to intervene in petitioner's criminal proceedings and make its own determination of the amount necessary to secure her appearance at trial.

Third, plaintiff has an adequate opportunity in the state superior court to raise federal questions and concerns that affect his constitutional rights.  Plaintiff has opportunities under California law to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his bail.  Fourth, this action would unduly interfere with the state criminal proceeding in a way Younger disapproves "by inserting federal courts into the ordinary course of state criminal proceedings." Lazarus v. Baca, 389 F. App'x 700 (9th Cir. 2010).  Finally, plaintiff has made no showing that extraordinary circumstances exist that would require federal intervention.  See Younger, 401 U.S. at 46 (holding that cost, anxiety and inconvenience of defending against good-faith criminal prosecution are not extraordinary circumstance requiring federal intervention).

Therefore, the court must abstain from adjudicating plaintiff's claims.[1]  Plaintiff's complaint and request to proceed in forma pauperis are dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is dismissed without prejudice; and

////

////

////

////

---

[1]  In certain circumstances, federal courts should stay actions seeking monetary damages until after the state court proceedings are no longer pending.  Gilbertson v. Albright, 381 F.3d 965, 981-82 (9th Cir. 2004); see also Los Altos El Granada Investors v. City of Capitola, 583 F.3d 674, 689-690 (9th Cir. 2009).  Here, however, any federal claims plaintiff may have regarding his ongoing criminal prosecution have not yet accrued.  Heck v. Humphrey, 512 U.S. 477, 486 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [footnote omitted], a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.")

2. Plaintiff's complaint is dismissed without prejudice. <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971).

Dated: July 29, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hard1333.younger